UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| JASON EVERMAN, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5: 20-406-DCR |
| ) | |
| V. ) | |
| ) | |
| GRANGE PROPERTY & CASUALTY ) | **MEMORANDUM OPINION** |
| INSURANCE COMPANY, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

*** *** *** ***

This matter was removed from Fayette County Circuit Court, but the parties disagree about whether removal is proper. Plaintiff Jason Everman suffered injuries in a car accident with an underinsured motorist. He brought this action to recover the balance of his damages from his insurer, Defendant Grange Property & Casualty Insurance Company ("Grange"). [Record No. 1-2] At the moment, Everman contends that little money is at stake and, as a result, the Court must remand the action to state court because it is without jurisdiction under 28 U.S.C. § 1332. [*See* Record No. 6, p. 3.] However, Grange believes that Everman could recover much more. [*See* Record Nos. 1-3; 7, pp. 2-4] Because Grange has the better argument, Everman's motion to remand will be denied.

Subject matter jurisdiction constitutes a court's "*power* to adjudicate the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (emphasis in original). To ensure that this power is exercised appropriately, a court has an "obligation to ensure that [it does] not exceed the scope of [its] jurisdiction." *Williams v. United States*, 927 F.3d 427, 434 (6th Cir.

2019). Federal district courts have subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."[1] 28 U.S.C. § 1332. And when an action is removed under 28 U.S.C. § 1441(a), a court has an independent obligation to determine whether the requisite amount is actually disputed.

Courts take a cautionary approach to this inquiry and "resolve any doubts regarding federal jurisdiction in favor of remanding a case to state court." *Hackney v. Thibodeaux*, No. CIV-A-10-35-JBC, 2010 WL 1872875, at *1 (E.D. Ky. May 10, 2010). This vigilance is intended to avoid the undue hardship to the parties that might result from a later determination that subject-matter jurisdiction was lacking. *See United States v. Cotton*, 535 U.S. 625, 630 (2002) (even unnoticed "defects in subject-matter jurisdiction require correction" on appeal). Thus, the Court's obligation to police its jurisdictional limits exists for the parties' benefit.

As is often the case, the plaintiff in this matter "seeks to recover some *unspecified amount* that is not self-evidently greater or less than the federal amount-in-controversy requirement." *King v. Household Fin. Corp. II*, 593 F. Supp. 2d 958, 959 (E.D. Ky. 2009) (emphasis in original). In fact, the plaintiff is discouraged, by both state pleading rules and federal caselaw, from showing his hand. *See* Ky. R. Civ. P. 8.01 (prohibiting pleadings from "recit[ing] any sum as alleged damages"); *see also Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006) (placing the "burden of satisfying the amount-in-controversy requirement" on the defendant). A defendant who suspects that the amount in controversy requirement is met must often hypothesize about what the plaintiff *could* be entitled to recover.

---

[1] Of course, the parties must be diverse, 28 U.S.C. § 1332(a)(1), but there is no question that the diversity requirement is satisfied here.

The result is that the Court must determine whether the amount in controversy is met by a preponderance of what little evidence is available.

Grange has shown that Everman seeks damages in excess of the jurisdictional amount. *See King*, 593 F. Supp. 2d at 959-60 (The defendant must "affirmatively come forward with competent proof showing that the amount-in-controversy requirement is satisfied" by a preponderance of the evidence.). First, Everman's Complaint alleges that Grange breached its contract by not paying the proceeds of the policy. [Record No. 1] As a result, he contends that he suffered "physical, mental pain, emotional distress and anguish[,] and the loss of enjoyment of life[,] and will continue to suffer such damage in the future." [Record No. 1-2, p. 2] Further, in correspondence on October 10, 2020, Everman's attorney reiterated his "prior demands" for the full policy amount, which he understood to have a "face value of $100,000." [Record No. 7-2, p. 1] The same correspondence provided a computation of Everman's "lifetime costs of having to follow orthopedics[] and pain management," which would allegedly exceed $185,000. [*Id.* at p. 3] If Grange had any remaining doubts about the extent of the damages sought, Everman's counsel stated that "[w]e believe that the economic numbers alone are enough to *exceed the available coverage*." [*Id.* (emphasis added)] This correspondence confirms what the Complaint implied: that Everman seeks at least the full policy amount.

Everman did not respond to Grange's arguments against remand. That does not resolve the issue, however, as the Court has previously held that a settlement demand *alone* "does not establish that it is 'more likely than not' that the amount in controversy" requirement is met. *May v. Wal-Mart Stores, Inc.*, 751 F. Supp. 2d 946, 949 (E.D. Ky. 2010). In *May*, the "sole piece of evidence" the defendant produced was a settlement demand letter, and the defendant

failed to even provide an estimate of its potential liability. *Id.* Here, however, Grange has emphasized that its policy with Everman could require it to pay up to $100,000. [Record No. 7, pp. 1-2] Everman's demands merely confirm that he seeks the full amount (and more) under the policy. [*Id.*] Thus, a preponderance of the evidence indicates that Everman seeks more than $75,000, and remand is inappropriate.

Finally, the Court notes that Everman has made no compelling argument in favor of a remand. Instead, he has merely rested on his state court pleading and alleged that the defendant is unable to prove that the amount in controversy requirement is satisfied. According to Everman, a pleading with an unspecified value is simply not removable, regardless of the amount in controversy. [Record No. 6-1, p. 3] But if that were the case, nearly every action filed in a Kentucky state court would remain there. *See* Ky. R. Civ. P. 8.01. Everman also argues that "there is no factual scenario where the Plaintiff will be able to *recover* $75,000 in damages." [Record No. 6-1, p. 3 (emphasis added)] By recover, Everman clarifies that he refers to the amount he would receive after he pays his costs and attorneys' fees. [*Id.*] But the amount that a jury may *award* is the amount that must exceed $75,000, exclusive of interest and costs, and Everman readily concedes that his underinsured motorist policy with Grange contemplates up to $100,000 of liability. [*Id.*]

In summary, the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Therefore, remand is not appropriate. Accordingly, it is hereby

**ORDERED** that the plaintiff's motion to remand [Record No. 6] is **DENIED**.

- 5 -

Dated: November 16, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky